IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. HENSON, JR., #331-667<br>    Petitioner, | * |
| | * |
| v. | CIVIL ACTION NO. RWT-10-1531 |
| | *   Consolidated with RWT-10-1724 |
| STATE OF MARYLAND, et al.,<br>    Respondents. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On June 10, 2010, James A. Henson, Jr., a Maryland prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] A required supplement, including a request for indigency status, later was filed as a new case and consolidated herein.[2] Respondents have filed an Answer to the Petition (Paper No. 11), making this case ready for dispositive review. After examining of these papers, the Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

## Procedural History

On March 24, 2010, a jury sitting in the Circuit Court for Anne Arundel County, Maryland found Henson guilty of first-degree rape and related offenses. Paper No. 11, Exhibit 1 at 17-18. On May 14, 2010, Henson was sentenced to serve life in prison, consecutive to any

---

[1] The "Motion for Three Judge Panel" filed with the original Petition (Paper No. 2), is denied, as this Court has no jurisdiction to convene such a panel to review Henson's state court sentence.

[2] Henson's correspondence related to conflicts arising between himself and corrections personnel will not be addressed in the context of this habeas corpus proceeding. He may, however, avail himself of federal court review of such matters by filing a civil rights action, the forms for which may be obtained through the Clerk of Court.

sentence then being served.[3]

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. See 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. Baldwin v. Reese, 541 U.S. 27, 29 (2004). For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.[4]

Henson appears to complain here that the evidence was insufficient to support his convictions. On September 9, 2010, the Court of Special Appeals of Maryland dismissed Henson's appeal on its own motion. Henson has not filed a petition for state post-conviction relief.[5] Thus, exhaustion has not been completed.

Accordingly, a separate Order will be entered, dismissing the instant Petition without prejudice, to allow Henson to exhaust his state court remedies. Henson is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in

---

[3] Henson's record includes a 2005 judgment of conviction for burglary and a 2006 judgment of conviction for indecent exposure to a correctional officer. The instant Petition does not challenge either of these judgments of conviction, both of which appear to be unexhausted and time-barred. See http://casesearch.courts.state.md.us/inquiry/inquiry Detail.jis?

[4] To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. See Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301 (1995 Repl. Vol.).

[5] To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. See Md. Ann. Code Art. 27, § 645I (1996 Repl. Vol.). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., §12-202 (1995 Repl. Vol.). However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. See Williams v. State, 292 Md. 201, 210-11 (1981).

federal court.[6] Should he wish to refile this petition once he has exhausted his available state court remedies, Henson should take care not to miss this deadline.


Date: <u>October 1, 2010</u>                          <u>          /s/                       </u>
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE

---

[6]This section provides:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>>      (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>      (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>>
>>      (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>      (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.